# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA AMANDA GAMBOA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:24-cv-01048-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 2, 4)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Vanessa Amanda Gamboa ("Plaintiff") filed this action on September 3, 2024. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On September 5, 2024, the Court found that the application to proceed in *forma pauperis* did not demonstrate entitlement to proceed in this action without prepayment of fees and ordered Plaintiff to file a long form application. (ECF No. 3.) On September 17, 2024, Plaintiff filed a long form application. (ECF No. 5.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit

an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In the long form application, Plaintiff first proffers that her average monthly income over the past 12 months totals $3,200.00 from her husband's employment. (ECF No. 5 at 1.) However, later in the application, she asserts that she receives $500.00 per month from Cal Fresh and that her husband's gross monthly income is $4,600.00.[1] (Id. at 2, 3.) Accordingly, Plaintiff's yearly income is $61,200.00.

Plaintiff claims to currently have two checking accounts with a total balance of $340.00. (Id. at 2.)

Plaintiff claims two dependents, a 19-year-old daughter and a 20-year-old son.[2] (Id. at 3.) Plaintiff claims expenses in the amount of $6,094.09 per month. (Id. at 4.) However, the Court also notes that some of these claimed expenses are double counted. For example, Plaintiff claims homeowner's insurance in the amount of $104.75 per month but this was included in her mortgage payment. (Id at 4.) Additionally, some expenses appear to be abnormally high, such as utilities at $1,000.00, medical and dental expenses of $480.00, and vehicle insurance of

---

[1] The long form application directs applicants to use gross monthly income. (ECF No. 4 at 1-2.) The Court therefore calculates Plaintiff's household month income using the gross amount rather than the net amount also proffered by Plaintiff.

[2] The Court notes that Plaintiff's original application stated that her son, Levi was 21 years old. (ECF No. 2 at 2.)

Case 1:24-cv-01048-KES-SAB   Document 7   Filed 09/20/24   Page 3 of 4


$330.00 per month. (Id.) Plaintiff also claims to be spending $3,000.00 in conjunction with this lawsuit to the Christianson Law Firm, 472 West Putnam Ave., Porterville, CA. (Id. at 5.)

Plaintiff claims the following assets: (1) a mobile home valued at $82,713.37; 2) a 2019 Dodge Challenger valued at $33,500.00; 3) a 2013 Honda Civic valued at $4,000.00; 4) a 1969 Chevy truck valued at $1,000.00; and a 1656 Chevy truck valued at $1,000.00. (Id. at 3.) Further, the application demonstrates that all expenses for Plaintiff are paid out of the family income indicating that Plaintiff has access to these funds.

As addressed in the prior order requiring Plaintiff to file a long form application, in assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff's household includes herself, her spouse, and two adult children, the 2023 Poverty Guidelines provide that the poverty guideline for the 48 contiguous states for a household of four is $31,200.00. 2024 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Sept. 4, 2024).

Further, while recognizing Plaintiff makes monthly payments on her mortgage and a vehicle, Plaintiff's claimed savings, cash, and assets exceed $122,000.00. Also, Plaintiff has significant expenses that contradict her claim of poverty. For example, there is a car payment of $738.00, and life insurance of $400.00 per month. Plaintiff's income and assets therefore reflect that Plaintiff can pay the $405.00 filing fee for this action.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $405.00 filing fee for this action.

The Clerk of the Court is DIRECTED to randomly assign a district judge to this action

for the purpose of issuing findings and recommendations.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2024**

UNITED STATES MAGISTRATE JUDGE

4